UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NEVILLE G. ALLEN,

Plaintiff,

v. Case No: 2:13-cv-787-Ftm-29DNF

LAURA BEDARD, DOUGLAS FENDER, CCA, FNU RAINES, FNU BARRIENTOS, FNU LAZADO, FNU GARRENT, A. WEBB, ONEAKA JENKINS, C. E. REISS and FNU BOON,

Defendants.
_______________________________/

**ORDER OF DISMISSAL**

This matter comes before the Court upon periodic review of the file. Plaintiff Neville G. Allen ("Plaintiff"), a prisoner currently confined at the Moore Haven Correctional Facility in Moore Haven, Florida, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Warden Laura Bedard, Assistant Warden Douglas Fender, Captain Raines, Lieutenant Barrientos, Lieutenant Lazado, FNU Garrent, Officer A. Webb, Unit Manager Oneaka Jenkins, C.E. Ross, and Dr. Boon (Doc. 1, filed Nov. 7, 2013). Because Plaintiff did not set forth his claims adequately, he was directed to file an amended complaint (Doc. 4). The amended complaint (Doc. 6) is currently before the Court.

After conducting an initial review of the amended complaint, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Complaint[1]**

In his amended complaint, Plaintiff alleges that he was deprived of medical attention in an emergency situation due to improper ventilation in an open bay area of Moore Haven Correctional Facility after chemical agents were used to subdue other inmates who had used force against the defendants (Doc. 6 at 5). Plaintiff asserts that Defendants Garrent, Barrientos, and Raines were negligent by failing to remove all inmates from the open bay area after contaminating the air supply. Id. at 5-6. Plaintiff alleges that the residual chemicals caused him to have a common cold, breathing problems, and to cough up blood. Id. at 6.

[1] The facts, as alleged in the amended complaint are accepted as true. However, the complaint is disjointed, with certain paragraphs presenting a confusing narrative that fails to articulate specific acts by the defendants that would give rise to constitutional violations. In addition, Plaintiff references numerous "exhibits" in support of his claims, yet no exhibits were filed with the amended complaint. The Court will not speculate as to the constitutional violations Plaintiff is alleging in the missing or incoherent portions of his amended complaint. Accordingly, to the extent Plaintiff intended to raise additional claims or allege additional facts not considered by the Court in this Order, such claims are dismissed pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff filed a grievance regarding his exposure to chemical agents (Doc. 6 at 6). Plaintiff asserts that, in retaliation for his grievance, Defendants Fender and Raines placed Plaintiff on suicide watch based on a letter he wrote that was later determined not to be suicidal. Id. Plaintiff alleges that after his release from suicide watch, he "used the chain of command and in the process was sent to confinement under conditions of S.O.S. orders of Douglas Fender" for fourteen days. Id.

Plaintiff asserts that Defendant Fender continued to retaliate "by falsifying witness statements against Plaintiff on a disciplinary report" and that Defendant Webb wrote that the facts in the report were true even though they were "clearly false." (Doc. 6 at 6).

After a letter written by Plaintiff was assessed by Defendant Bedard, she refused to let the letter be sent through routine mail, yet failed to advise Plaintiff of this within 48 hours which was in violation of prison policy and procedure (Doc. 6 at 9).

Plaintiff assets that Defendant Webb wrote false disciplinary reports in order to retaliate against Plaintiff for attempting to exhaust his administrative remedies (Doc. 6 at 9). Plaintiff also asserts that Defendant Reiss wrote a false

disciplinary report in order to ensure that Plaintiff lost gain time and that Defendant Boon authorized the false report. Id. at 10.

Plaintiff asserts that Defendant Fender forged witness statements because the handwriting on two of the witness statements used against him appeared to be the same (Doc. 6 at 10). Defendant Fender threatened Plaintiff that he would not get a fair disciplinary hearing. Plaintiff sent a grievance to Defendant Bedard regarding the threat, and she told Plaintiff that he could not file a grievance for something that had not yet happened. Plaintiff was found guilty at the disciplinary hearing and threatened to kill himself. As a result he was put into a suicide cell for 24 hours. Id.

Plaintiff seeks $200,000 in compensatory damages against each defendant, $50,000 in punitive damages against each defendant, and any additional relief this court deems proper (Doc. 6 at 7).

## II. Standard of Review

Because Plaintiff seeks leave to proceed *in forma pauperis*, the Court is required to review the amended complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In essence, § 1915(e)(2) is a screening

process, to be applied sua sponte and at any time during the proceedings.

Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level[,]" and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the Court must read the plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

**III. Analysis**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983,

a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

Liberally construing the complaint, Plaintiff appears to raise an Eighth Amendment claim against Defendants Barrientos, Raines, and Garrent due to their failure to protect him from exposure to residual chemical agents. Plaintiff also raises a First Amendment claim against Defendants Bedard, Fender, Lazado, Webb, Jenkins, Reiss, and Boon based upon allegedly retaliatory actions taken by these defendants as a result of the grievance he filed against Defendants Barrientos, Raines, and Garrent.

***a. Plaintiff has not stated an Eighth Amendment claim for deliberate indifference***

Plaintiff has not stated an Eighth Amendment claim against Defendants Barrientos, Raines or Garrent due to his exposure to residual chemical agents. Plaintiff asserts that he experienced discomfort after chemical agents were used to subdue other

inmates who had used force against the defendants. He does not assert that he was the target of the chemical agents or that Defendants Barrientos, Raines, or Garrent intended to harm him, but does assert that the ventilation in the open bay area of the prison was inadequate. Plaintiff argues that the defendants did not take him to the medical department, even after he declared a medical emergency.

In order to prevail on his Eighth Amendment claim, Plaintiff must prove three elements: "(1) a condition of confinement that inflicted unnecessary pain or suffering, (2) the defendant's 'deliberate indifference' to that condition, and (3) causation[.]" LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir.1993) (internal citations omitted). An Eighth Amendment claim has both an objective component and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994).

The objective component of an Eighth Amendment claim inquires whether the alleged wrongdoing amounted to the infliction of "unnecessary pain or suffering upon the prisoner." LaMarca, 995 F.2d at 1535. This standard requires that the alleged deprivation be "objectively, 'sufficiently serious.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The objective standard "embodies broad and idealistic concepts of dignity, civilized

standards, humanity, and decency . . ., but must be balanced against competing penological goals." LaMarca, 995 F.2d at 1535 (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotation marks omitted)).

Plaintiff's amended complaint does not satisfy the objective component of an Eighth Amendment claim. Plaintiff fails to show that his exposure to residual chemical agents amounted to unnecessary pain or suffering, particularly when balanced against the penological interests of subduing inmates who had used force against prison guards.  The chemical agents were not sprayed on Plaintiff.  Moreover, there is no indication that Plaintiff suffered more than a temporary *de minimis* injury from his exposure. See Johnson v. Moody, 206 F. App'x 880 (11th Cir 2006) (recognizing an injury as objectively, sufficiently serious enough to constitute a constitutional violation only if there is more than *de minimis* injury).

Nor has Plaintiff alleged such a serious medical condition resulting from his exposure to the chemicals so that the defendants' refusal to declare a medical emergency violated the Eighth Amendment.  A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill v.

Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002)). In either of these situations, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Farmer, 511 U.S. at 834. Plaintiff's allegations of contaminated air supply, common cold, breathing problems, and blood loss[2] are not the types of symptoms easily recognized as needing a doctor's attention.

In order to satisfy the subjective component of an Eighth Amendment claim, a plaintiff must demonstrate the defendants' "deliberate indifference" to his serious medical need. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). "Deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106; Farmer v. Brennan, 511 U.S. 825, 835 (1994). The Supreme Court clarified the "deliberate indifference" standard in Farmer by recognizing that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In the instant case, Plaintiff has not

[2] Plaintiff does not assert an injury, so the Court presumes that Plaintiff's "blood loss" was that associated with his coughing.

alleged that the actions of Defendants Barrientos, Raines, or Garrent were more than mere negligence or that that these defendants actually knew of, and disregarded, an excessive risk to Plaintiff's health or safety. To the contrary, Plaintiff alleges that it was these defendants' negligence that caused his discomfort from the residual chemical agent fumes (Doc. 6 at 6).

Plaintiff fails to allege sufficient facts to satisfy either the objective or the subjective component of an Eighth Amendment claim. Accordingly, all Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

***b. Plaintiff has not stated a First Amendment claim for retaliation***

Plaintiff appears to allege that he experienced retaliation from Defendants Bedard, Fender, Lazado, Webb, Jenkins, Reiss, and Boon, in violation of the First Amendment, when he filed grievances against Defendants Barrientos, Raines, and Garrent in relation to his exposure to residual chemical agents. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). To state a First Amendment claim, a plaintiff must show that: (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the

retaliatory actions and the adverse effect on speech. Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).

Plaintiff's amended complaint fails to state a First Amendment retaliation claim. In particular, an essential element of a First Amendment retaliation claim is the existence of a retaliatory motive. See Gattis v. Brice, 136 F.3d 724, 726 (11th Cir. 1998) (stating "[t]o succeed in a section 1983 suit based on a claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision."). Thus, in the instant case, Plaintiff must be able to demonstrate a "causal connection" between the adverse actions taken against Plaintiff and the exercise of Plaintiff's free speech rights. Farrow v. West, 320 F.3d 1235, 1240 (11th Cir. 2003). Plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive. Crawford–El v. Britton, 523 U.S. 574, 600 (1998) (citations omitted).

In his amended complaint, Plaintiff sets forth only his own conclusory allegations that Defendant Fender's actions were retaliatory in nature. Plaintiff does not even allege that any other defendant's objectionable actions were in retaliation for his filing of grievances. Plaintiff does not assert that he had

previously filed any grievances against any of the "retaliating" defendants, and there are no facts in Plaintiff's amended complaint alleging that any defendant was aware of the grievances filed against Barrientos, Raines, or Garrent.[3]

Courts are not to infer causation or construe legal conclusions as facts, nor would it be logical to do so in this instance. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242 (11th Cir. 2005); see also Smith v. Fla. Dep't of Corr., 375 F. App'x 905 (11th Cir. 2010) (affirming district court's 1915(e)(2)(b)(ii) dismissal when complaint contained only conclusory allegations of a retaliatory motive). Consequently, the Court finds that Plaintiff's complaint fails to state a First Amendment retaliation claim against any defendant.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's amended complaint (Doc. 6) is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii).[4]

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 7) is **DENIED**; and

---

[3] Plaintiff does not assert that Defendants Barrientos, Raines, or Garrent engaged in retaliatory behavior.

[4] A dismissal without prejudice does not excuse Plaintiff from any applicable statute of limitation should he choose to file a new complaint.

3. The **Clerk of Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida, this 2nd day of December, 2013.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 11-29
Copies furnished to:
Neville George Allen